JOURNAL ENTRY AND OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the records from the court of common pleas and the briefs.
Appellant, Charles A. Walker, appeals from the judgment of the Cuyahoga County Court of Common Pleas, which denied his pro se Motion to Take Notice and Correction of Sentencing Errors, Pursuant to Criminal Rule 52(B).
On November 24, 1999, appellant was indicted by the Cuyahoga County Grand Jury in a six-count indictment: one count of possession of drugs, in violation of R.C. 2925.11, with a firearm specification and a major drug offender specification; one count of possession of drugs, in violation of R.C. 2925.11, with a firearm specification; two counts of preparation of drugs for sale, in violation of R.C. 2925.07, with a firearm specification and a major drug offender specification; one count of possessing criminal tools, in violation of R.C. 2923.24; and one count of carrying a concealed weapon, in violation of R.C. 2923.12.
On February 17, 2000, as a result of a plea agreement, appellant pleaded guilty to one count of possessing crack cocaine in an amount greater than twenty-five grams but less than one-hundred grams, a felony of the first degree. The trial court dismissed the specifications set forth in Count One of the indictment and dismissed the remaining charges. The State and appellant's trial counsel jointly recommended that the trial court impose a seven-year term of actual incarceration. At the plea hearing, the trial court accepted appellant's plea and imposed the seven-year agreed sentence. On April 2, 2001, appellant filed a Motion to Take Notice Correction of Sentencing Errors, Pursuant to Criminal Rule 52(B) requesting a resentencing hearing. In his motion, appellant argued that his sentence was void because the trial court did not state its reasons for choosing not to impose the minimum term of imprisonment on appellant, a felony offender who had never served a prison term. On April 17, 2001, the trial court denied appellant's motion. From this denial, appellant assigns the following error:
 TRIAL COURT VIOLATED THE DEFENDANT-APPELLANT'S DUE PROCESS EQUAL PROTECTION RIGHTS INALIENABLE UNDER THE CONSTITUTION OF THE UNITED STATES OF AMERICA WHEN IT PROHIBITED THE CORRECTION OF A VOID JUDGMENT OF SENTENCE BY DENYING MOTION TO TAKE NOTICE CORRECTION ON SUCH.
In appellant's sole assignment of error, he contends that the trial court violated his constitutional rights by refusing to vacate his sentence. Appellant argues that his sentence is void because the trial court imposed an agreed sentence of seven years of actual incarceration without stating its reasons for not imposing the minimum sentence pursuant to R.C. 2929.14(B).
R.C. 2953.08(D) states in pertinent part:
 A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge. * * *
As this court stated in State v. Kimbrough (Mar. 2, 2000), Cuyahoga App. Nos. 75642, 75643 75644, unreported,
 The plain language of R.C. 2953.08(D) states that as long as a jointly recommended sentence is authorized by law, the appellate court may not review the sentence. A sentence is authorized by law under R.C. 2953.08(D) as long as the prison term imposed does not exceed the maximum term proscribed by the statute for the offense. [citations omitted].
In the instant case, we conclude that appellant's sentence was authorized by law because a seven-year term of incarceration does not exceed the maximum sentence for possession of crack cocaine in an amount greater than twenty-five grams but less than one-hundred grams, a felony of the first degree. The transcript from the plea hearing indicates that the trial court imposed a sentence that was jointly recommended by the State and appellant's attorney. Therefore, pursuant to R.C. 2953.08(D), this court may not review appellant's sentence. Appellant's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., AND COLLEEN CONWAY COONEY, J., CONCUR.